**UNITED STATES, Appellee,**

v.

**Private First Class Larry D. RASBER-RY, 423–86–8447, United States Army, Appellant.**

**SPCM 21242.**

U.S. Army Court of Military Review.

17 Dec. 1985.

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Captain David L. Carrier, JAGC, Captain Joseph Tauber, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Erik M. Stumpfel, JAGC (on brief).

Before O'ROARK, MARDEN and De GIULIO, Appellate Military Judges.

OPINION OF THE COURT

O'ROARK, Chief Judge:

Pursuant to his pleas, appellant was convicted of absence without leave (AWOL) in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886 (1982). He was sentenced to a bad-conduct discharge, confinement for two months, forfeiture of $375.00 pay per month for two months, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority approved the sentence but suspended the period of confinement in excess of thirty days for three months.

Prior to entering a plea on behalf of appellant, defense counsel moved to excise statements (by three soldiers) contained in the stipulation entered into by the appellant as part of his pretrial agreement. He claimed that these statements were obtained from the appellant in violation of his rights under Article 31(b), UCMJ, 10 U.S.

C.A. § 831(b). The offending statements concerned matters in aggravation which tended to support a sentence which would include a punitive discharge. Defense counsel advised the military judge that his objection only went to those statements in the stipulation the prosecution would offer in aggravation at the presentencing stage of the trial. He specifically stated that his objection did not go to guilt or innocence. Without litigating the motion, the military judge ruled that he would not require the government to excise the statements to which the defense objected. He then advised appellant that he could plead guilty if he wished, but that if he did not comply with the terms of the agreement it would be cancelled. After appellant and defense counsel conferred, appellant entered a plea of guilty and did not further contest the military judge's ruling.

Appellant contends that the military judge erred by construing the pretrial agreement as a waiver of certain motions which should have been litigated at trial. We disagree.

Rule for Courts-Martial (R.C.M.) 705 sanctions pretrial agreements and describes permissible terms and conditions. Relevant to this case are the provisions which permit an accused to enter into a stipulation of fact concerning his offenses, R.C.M. 705(c)(2)(A), and which provide that a term or condition is not enforceable if it deprives an accused of certain rights such as the right to due process, R.C.M. 705(c)(1)(B). An accused may be required as part of his bargain to include in the stipulation, for sentencing purposes, aggravating circumstances relating to the offenses to which he has pled guilty. *United States v. Sharper*, 17 M.J. 803 (A.C.M.R. 1984); *see also United States v. Harrod*, 20 M.J. 777 (A.C.M.R.1985). The novel aspect of this case is whether, in requiring aggravating matters to be included in the stipulation, the government effectively deprived the appellant of his right to due process by denying him the opportunity to suppress allegedly unwarned damaging statements appellant made to three soldiers in his unit. In disposing of this question the following factors are relevant:

First, in limiting his confinement risk to a maximum of 30 days the appellant negotiated a highly favorable pretrial agreement in the simplest of all cases to prosecute on the merits, *i.e.*, absence without leave, proven by readily available official records. The appellant received full benefit of his bargain.

Second, the pretrial agreement required a stipulation, but contained no specific terms or conditions which required the appellant to give up any significant rights as forbidden by R.C.M. 705(c)(1)(B). The net effect of any stipulation required by a pretrial agreement is to waive an accused's rights under Article 31, UCMJ. Although the military judge's ruling denied the appellant the opportunity to contest the admissibility of statements contained in the stipulation, the ruling did not enforce a forbidden term or condition in the pretrial agreement. It simply allowed the legitimately required stipulation to fulfill its intended purpose, *i.e.*, to fully inform the sentencing authority of all the circumstances of the offense. *United States v. Vickers*, 13 M.J. 403 (C.M.A.1982). The facts of this case indicate no reason why it was to the government's benefit to accept anything less or why such a position was unfair to appellant. With appreciation for exactly what was at stake, appellant, after conferring with his defense counsel, voluntarily elected to retain the benefit of his pretrial agreement and pled guilty.

Third, although the record is less complete than desirable, certain inferences may be drawn from the available evidence to support the conclusion that there is no fair risk that appellant was denied due process by the military judge's ruling. The objectionable statements in the stipulation were made by three soldiers who at some time had leadership responsibility over appellant in their capacity as squad leader or assistant squad leader. The record shows that

these soldiers were scheduled to be called on behalf of appellant during the presentencing stage of the trial. While interviewing these witnesses, 'the trial counsel learned that appellant had indicated to them at various times that he wanted out of the Army. The gist of the stipulation and the testimony of the two soldiers who actually testified for appellant gives no hint of an investigative motive for their conversations with appellant about his troubles. This inference is reinforced by the nature of appellant's offense. There is normally nothing to investigate in a routine AWOL case. This case has no unusual circumstances suggesting otherwise and we deem it unlikely that these soldiers or anyone else officially investigated appellant after his return to duty.[1] Finally, had an investigation been in order, these soldiers were not in such a position of responsibility over appellant as would normally involve conducting a criminal investigation of his conduct.

Based on the foregoing, we hold that the military judge did not err by refusing to litigate the motion to suppress certain portions of the stipulation required by the pretrial agreement. Appellant freely and voluntarily, with benefit of counsel, pursued a trial strategy perceived to be in his best interest. *See United States v. Castleberry*, 18 M.J. 826 (A.C.M.R.1984), *pet. denied*, 19 M.J. 315 (C.M.A.1985). For the military judge to have ruled otherwise would permit appellant to receive the benefit of his bargain, yet potentially deny the sentencing authority a complete understanding of the overall nature of appellant's criminal conduct.

The findings of guilty and sentence are affirmed.

Senior Judge MARDEN and Judge De GIULIO concur.

---

1. The record of trial contains only three documents which constitute the entire government case against appellant. They are the Department of the Army Forms 4187 which show appellant's duty status change from present for duty to AWOL, AWOL to DFR (dropped from the rolls) and DFR to present for duty.