UNITED STATES, Appellee,

v.

Staff Sergeant Danzel D. WILLIAMS,
244–90–5724, United States
Army, Appellant.

CM 448278.

U.S. Army Court of Military Review.

30 Jan. 1987.

For Appellant: Captain Stephanie C. Spahn, JAGC (argued); Major Joel D. Miller, JAGC, Major Marion E. Winter, JAGC (on brief).

For Appellee: Captain George R. Gillette, JAGC, (argued) Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC (on brief).

Before RABY, De GIULIO and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

RABY, Senior Judge:

Appellant was convicted of rape of a female under the age of sixteen in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (1982) [hereinafter cited as UCMJ]. The victim, S.R.B., was appellant's step-daughter and was six years old at the time of the incident.[1] Appellant was sentenced to a dishonorable discharge, confinement at hard labor for seven years and reduction to the grade of Private E-1. The convening authority approved the sentence.

Appellant asserts that the evidence is insufficient to sustain the finding of guilty of rape. We find that the evidence is insufficient to establish the penetration of the victim by the appellant; however, we are convinced beyond a reasonable doubt that the evidence is sufficient to establish appellant's attempted rape of the victim. Accordingly, we will take appropriate corrective action.

Appellant also asserts that the military judge erred by sustaining the trial counsel's objection to the testimony of Ms. W, a defense witness, that her blood-type was A positive, on the ground that it was impermissible hearsay. We find this issue to be one of first impression. Examining the evidence in question, we grant that it has characteristics similar to other information pertaining to the personal history of the declarant and is closer in kind to a statement concerning the declarant's general medical condition[2] than to a medical

---

1. S.R.B. was seven years old at the time of her testimony in the case *sub judice.*

2. It has been recognized that a person, although not an expert, may testify to the general nature of his own physical condition or the state of his health. 31 Am.Jur.2d *Expert and Opinion Evidence* § 96 (1967). We are aware that a large segment of the public, and in particular military personnel and their dependents, have made a concerted effort for reasons of safety and health to obtain accurate medical information concerning their blood-type, and thus are probably as familiar with this part of their medical history as they are with their general medical condition. Nevertheless, blood-type information does

diagnosis. However, we conclude that the only hearsay exception which might reasonably have been applicable is the residual hearsay exception. Manual for Courts-Martial, United States, 1984 [hereinafter cited as MCM, 1984], Mil.R.Evid. 803(24). Assuming *arguendo* that the witness could testify concerning her own blood type as an exception under Mil.R.Evid. 803(24), the military judge nevertheless has a great deal of discretion in determining whether to admit such evidence under the residual hearsay exception. The discretionary latitude vested in the military judge acquires even greater significance in view of the fact that "[m]any commentators and courts agree that ... [the Residual Hearsay] Rule's history and construction indicate that it should be narrowly construed." S. Saltzburg, L. Schinasi and D. Schleuter, *Military Rules of Evidence Manual* 654 (2d ed. 1986). Accordingly, we will not overturn the military judge's ruling excluding the blood-type evidence in the absence of a clear abuse of discretion.[3,4] *United States v. Crayton,* 17 M.J. 932, 934 (A.F.C.M.R.), *petition denied,* 19 M.J. 57 (C.M.A.1984); *see United States v. Whalen,* 15 M.J. 872, 878 (A.C.M.R.1983); *see also United States v. White,* 17 M.J. 953, 956 n. 5 (A.F.C.M.R.1984); *United States v. Henderson,* 18 M.J. 745 (A.F.C.M.R.1984); *United States v. Dorian,* 803 F.2d 1439 (8th Cir.1986); *United States v. Renville,* 779 F.2d 430, 439 (8th Cir.1985); *United States v. Cree,* 778 F.2d 474, 477 (8th Cir.

1985); *United States v. Poston,* 727 F.2d 734, 739 (8th Cir.), *cert. denied,* 466 U.S. 962, 104 S.Ct. 2179, 80 L.Ed.2d 561 (1984); *Branca v. Security Benefit Life Insurance Co.,* 773 F.2d 1158 (11th Cir.1985). Since appellant has failed to establish that such an abuse occurred this assignment of error is without merit.

■ Moreover, assuming *arguendo* that the military judge abused his discretion by excluding the lay witness' testimony concerning her blood type, we are convinced that such error was harmless in view of our corrective action in reducing the charge to one of attempted rape. In arriving at this determination, we have utilized the four-pronged test of *United States v. Weeks,* 20 M.J. 22, 25 (C.M.A.1985).[5]

■ Appellant further asserts that the military judge erred by allowing a defense witness to testify on cross-examination, over defense counsel's objection, about the victim's truthfulness.[6] Sergeant (SGT) W, who worked for the Trial Defense Service, was present during the two interviews of the victim which had been conducted by appellant's defense counsel. The interviews were of one hour's and one half-hour's duration, respectively. The record of trial reflects no other occasions when SGT W had an opportunity to observe the victim prior to trial. On cross-examination, SGT W testified regarding certain minor inconsistencies between the victim's trial

---

not appear to qualify as an exception under the provisions of Manual for Courts-Martial, United States, 1984, Mil.R.Evid. 803(3), 803(4), or 803(19), notwithstanding the general rule of construction found in Mil.R.Evid. 102.

**3.** Whether this court would have admitted the evidence in question, of course, is not the test. *See e.g., United States v. Gregory,* 21 M.J. 952, 954 n. 4 (A.C.M.R.), *aff'd* 23 M.J. 246 (C.M.A.1986).

**4.** Even assuming its applicability, we would note that the requirement of M.R.E. 803(24) for notice was not satisfied in the case at bar.

**5.** However, as the competent evidence of record in this case convinces us of appellant's guilt of attempted rape beyond a reasonable doubt, this error also could be determined harmless using the test for error of constitutional import found

in *United States v. Remai,* 19 M.J. 229 (C.M.A. 1985).

**6.** The record reflects the following colloquy:

TC: Sergeant [W], based on your observation of [the victim] and the time you spent with her, have you formed an *opinion* concerning her truthfulness?

Sergeant [SGT] W: Yes, sir.

TC: What's your *opinion* of her truthfulness?

DC: Objection, Your Honor. Not sufficient basis.

MJ: Overruled. I'll let her answer.

TC: Sergeant [W], what's your *opinion* [of the victim's] truthfulness after hearing her on two different occasions?

SGT W: In my *opinion,* sir, she's truthful. (Emphasis supplied.)

testimony and the statements the victim had made to defense counsel during the two prior interviews. The military judge also allowed SGT W to express her *opinion* as to the victim's truthfulness. In support of his contention that this was error, appellant cites *United States v. Perner*, 14 M.J. 181 (C.M.A.1982) (holding that a psychiatric technician's three encounters with the witness did not provide a sufficient basis for him to form a reliable opinion as to her character for truth and veracity). However, *Perner* involved an interpretation of paragraphs 138f and 153(b)(2)(a), Manual for Courts-Martial, United States, 1969 (Rev. ed.). Paragraph 138f(1) pertinently provides that:

> When proof of the character of a person is admissible, the opinion of a witness as to that person's character may be received in evidence *if it is shown that the witness has such acquaintance or relationship with the person so as to qualify him to form a reliable opinion in this respect.*

(Emphasis supplied.)

Military Rule of Evidence 608(a) has no similar condition predicate for the admissibility of opinion or reputation evidence concerning truthfulness. Such evidence may be offered, after the witness' character for truthfulness has been attacked, by opinion or reputation evidence or otherwise. Mil.R. Evid. 608(a)(2). Thus, the military judge is vested with "the widest possible discretion in deciding whether supportive character evidence should be allowed." *United States v. Ryan*, 21 M.J. 627, 630 n. 4 (A.C. M.R.1985) (quoting *United States v. Medical Therapy Sciences, Inc.*, 583 F.2d 36, 41 n. 6 (2d Cir.1978), *cert. denied*, 439 U.S. 1130, 99 S.Ct. 1049, 59 L.Ed.2d 91 (1979)).

Military Rule of Evidence 608(a) "is taken verbatim" from Federal Rule of Evidence [Fed.R.Evid.] 608(a). M.C.M., 1984, Analysis of Mil.R.Evid. 608(a), App. 22, A22–37 [hereinafter cited as Mil.R.Evid. 608 analysis]. Federal Rule of Evidence 608(a) does not require as a prerequisite to the admission of lay opinion testimony concerning a witness' character for truthfulness that the person expressing the opinion have a long acquaintance with or recent information about the witness. *United States v. Watson*, 669 F.2d 1374, 1382 (11th Cir.1982); *United States v. Lollar*, 606 F.2d 587, 589 (5th Cir.1979); 3 Weinstein's Evidence § 608[04](1982). We believe that Mil.R.Evid. 608(a) should be similarly interpreted. Nevertheless, under Fed.R.Evid. 602, an "opinion witness must testify from personal knowledge." *United States v. Watson*, 669 F.2d at 1382; *cf.* S. Saltzburg and K. Redden, *Federal Rules of Evidence Manual*, 432–433 (4th ed. 1986) ("The fact that Rule 701 allows a lay witness to testify in opinion form does not undercut the requirement of personal knowledge; in fact, Rule 701 effectively incorporates the personal knowledge requirement as a prerequisite to the acceptance of opinions of lay persons."). But once the basis of the opinion witness' personal knowledge is established, "the witness should be allowed to state his opinion; 'cross-examination can be expected to expose defects.'" *United States v. Watson*, 669 F.2d at 1382, citing 3 Weinstein's Evidence § 608[04] at 608–20 (1981).[7] We believe that Mil.R.Evid. 602 should be similarly interpreted. Mil.R. Evid. 602 analysis at A22–36 (Rule 602 is taken without significant change from the Federal Rule).

 Our examination of the pertinent facts in this case convince us that SGT W possessed some personal knowledge of the victim's character for truthfulness based on her two short periods of observation of the victim. Accordingly, we are satisfied that the military judge did not abuse his discretion in admitting the opinion testimo-

---

**7.** In *Watson* one of the witnesses testified that he was an employee of the Florida Department of Agriculture, that the witness, Campbell, had made a false complaint against a crop duster, and that in his opinion, Campbell was not wor-

thy of belief under oath. *Watson*, 669 F.2d at 1382 n. 6. The court held that "[t]he record reveals that the opinion witnesses had formed an opinion based on personal knowledge." *Watson*, 669 F.2d 1382.

ny of SGT W [8] over appellant's limited objection based on the lack of "sufficient basis" [9] to give such testimony. Thus, we find this assignment of error to be without merit.

We have carefully reviewed the remaining assignments of error and find them to be without merit.

Only so much of the finding of guilty of the Charge is affirmed as finds appellant guilty of attempted rape in violation of Article 80, UCMJ, 10 U.S.C. § 880.

 Only so much of the finding of guilty of the Specification of the Charge is affirmed as finds that appellant, Staff Sergeant Danzel D. Williams, U.S. Army, Headquarters and Headquarters Company, 109th Military Intelligence Battalion, Fort Lewis, Washington, did at the time and place averred, attempt to rape the averred victim, a female under 16 years of age, by taking the averred victim's pants and panties off of her, by inserting his finger into the averred victim's vagina, by rubbing his penis against her vagina, and by pushing his penis hard against her crotch area until it hurt the said averred victim.

Reassessing the sentence on the basis of the error and the assumed error discussed above, as well as entire record, only so much of the sentence is affirmed as provides for a dishonorable discharge, confinement for five years, and reduction to the grade of Private (E–1).

Judge DE GIULIO and Judge CARMICHAEL concur.

---

8. In determining whether a military judge has abused his discretion the test is not whether this court initially would have admitted or excluded the evidence in question. *See* note 3, *supra.*

9. We have in this instance equated this relatively broad objection to specific Mil.R.Evid. 602 and 608(a) objections. We again advise counsel to comply with the requirements of Mil.R.Evid. 103(a)(1) and make both timely and specific objections. Whenever the specific ground for an objection is not *apparent* from the record, counsel risk waiver. With respect to Mil.R. Evid. 403, however, because we have previously warned counsel of the necessity to make timely and specific Mil.R.Evid. 403 objections *see, e.g., United States v. Witt,* 21 M.J. 637, 640 n. 2 (A.C.M.R.1985), *petition denied,* 22 M.J. 347 (C.M.A.1986), we elect to invoke waiver as to this potential issue.