UNITED STATES, Appellee,

v.

**Private First Class David J. SCHWARZ,
388–56–9682, United States
Army, Appellant.**

**ACMR 8601024.**

U.S. Army Court of Military Review.

17 July 1987.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Jerry W. Peace, JAGC, Captain Keith W. Sickendick, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Captain Richard Parker, JAGC (on brief).

Before RABY, CARMICHAEL, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

RABY, Senior Judge:

Appellant asserts that all charges and specifications of which he was found guilty are multiplicious for sentencing purposes. We agree that Charge I and its Specification (drunk driving) is multiplicious for sentencing purposes with Charge III and its Specification (negligent destruction of government property). *United States v. Williams*, 19 M.J. 959 (A.C.M.R.1985). However, we are satisfied that none of the other offenses are so multiplicious. *United States v. Abendschein*, 19 M.J. 619 (A.C. M.R.1984), *petition denied*, 21 M.J. 84 (C.M.A.1985).

Appellant also asserts that the military judge erred by taking judicial notice, over defense objection, of the provisions of Army Regulation 735–11, Property Accountability: Accounting for Lost, Damaged, or Destroyed Property, (1 May 1985) [hereinafter AR 735–11], which limits the pecuniary liability of a soldier based on a report of survey to one month's basic pay, since the sole apparent purpose for such a request was to permit the trial counsel to argue the limit of the appellant's liability to the government as a matter in aggravation of sentence. Appellant further asserts that error occurred because the act of judicial notice was accomplished on trial counsel's request after both sides had rested.

First, it is a matter within the military judge's sound discretion whether to let counsel reopen his case either during the prefindings or presentencing stage of a court-martial.[1] Manual for Courts-Martial, United States, 1984 [hereinafter M.C.M., 1984], Rule for Courts-Martial [hereinafter R.C.M.] 801(a)(3) and discussion thereto; Mil.R.Evid. 611(a); *cf.* Uniform Code of Military Justice, art. 26(a), 10 U.S.C. sec. 826(a) (1982) [hereinafter UCMJ] (military judge shall preside over each open session of the court-martial); *United States v. Eshalomi*, 23 M.J. 12, 28 (C.M.A.1986) (Cox, J., concurring) ("If the discovery occurs prior to announcement of the sentence and if the accused so moves, the military judge has the option of reopening the trial for the purpose of presenting the evidence to the court-martial.")

Second, we believe that the evidence in this case clearly establishes that the government, a legal entity, was a victim of appellant's negligent destruction of the Army ambulance. Thus, the government was entitled to present evidence of "victim impact" as a matter in aggravation during the presentencing procedure.[2] R.C.M.

---

1. In fact, inclusion of the modifying word "ordinarily" in both R.C.M. 913(c)(1) and R.C.M. 1001(a)(1) clearly reflects that exceptions to these particular procedural rules were contemplated by the President and the drafters.

2. The Supreme Court recently prohibited use of victim impact statements at the sentencing phase of capital murder trials. *Booth v. Maryland*, —— U.S. ——, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987). The holding, however, is expressly limited to use of such statements in capital cases. *See* —— U.S. at —— nn. 10 & 12, 107 S.Ct. at 2535–36 nn. 10 & 12. We are satisfied that *Booth* has no application to the case at bar, and that consideration of victim impact testimony introduced as a matter in aggravation in a noncapital court-martial case does not *per se* violate an accused's Eighth Amendment, art. 55, U.C.

1001(b)(4) and discussion thereto. Such victim impact testimony "may include evidence of financial ... impact or cost to any ... entity who was the victim of an offense committed by the accused." R.C.M. 1001(b)(4) discussion. We are satisfied that the provisions of AR 735–11, which limit the government's ability to recover fully the financial loss it suffered from appellant's destruction of the military ambulance, clearly constituted a legitimate type of "financial impact."

Appellant asserts that a timely and specific objection under Mil.R.Evid. 403 was made by defense at trial. To be preserved for appellate review a Mil.R.Evid. 403 objection must be both timely and specific or its specificity must at least be apparent in the record based on the context in which the objection was made. Mil.R.Evid. 103(a)(1). We find that appellant's objection, although timely, did not constitute a specific Mil.R.Evid. 403 objection and that such specificity is not readily apparent based on the context in which the objection was made.[3] Accordingly, we find that the Mil.R.Evid. 403 objection was waived.[4, 5]

For the reasons discussed, appellant's above stated assignment of error, including any error implicitly contained therein, is without merit.

Next, appellant asserts that the military judge erred when he failed *sua sponte* to stop trial counsel's improper argument referring to the operation of AR 735–11 and trial counsel's material misrepresentation that a fine is an appropriate mechanism by which to reimburse the government for the ambulance destroyed by appellant.

■ We are satisfied that a fine could be adjudged as part of an appropriate punishment in this case notwithstanding the absence of any evidence that appellant was unjustly enriched as a result of his crimes. R.C.M. 1003(b)(3); *see United States v. Williams*, 18 M.J. 186, 189 (C.M.A.1984); *see also United States v. Parini*, 12 M.J. 679, 684 (A.C.M.R.1981), *petition denied*, 13 M.J. 210 (C.M.A.1982) (no legal requirement that a crime involve the unjust enrichment of an accused before a fine can be legitimately imposed). At most, R.C.M. 1003(b)(3) discussion recites a judicial policy that a fine *normally* should not be adjudged against a service member unless he was unjustly enriched as a result of the offense of which he was convicted. In this regard, we are satisfied that the government's legal obligation to protect military property, an obligation magnified in intensity by the unique and direct relationship which the maintenance of military property has to combat readiness, constitutes a legitimate military basis for departing from any general policy against the imposition of fines in cases involving the theft, destruction, damage or wrongful disposition of military property.

Appellant also asserts that the sole apparent purpose of requesting judicial notice

M.J., 10 U.S.C. sec. 855, or military due process rights.

3. The trial record reflects the following:

ADC: Your Honor, we object to that, the reason being is that some officers have indicated that they are familiar with report of survey procedures, and in fact are appointing authorities, and that would bring unnecessary attention to that fact.

We believe that the above, at best, can be interpreted as being equivalent to the common *ineffective* objection based on the assertion that "the evidence will prejudice my client."

4. We have repeatedly warned counsel to make specific Mil.R.Evid. 403 objections. *See, e.g., United States v. Williams*, 23 M.J. 792, 796 n. 9 (A.C.M.R.), *petition for review filed*, 24 M.J. 67

(C.M.A.1987). If there remains, under modern military rules of evidence, any broad, standard objection that is effective and, on a par with the old "incompetent, immaterial and irrelevant" standby of yesteryear, it is the Mil.R.Evid. 403 objection. We refuse to weaken further our adversarial judicial system merely to accommodate inartful and unscientific use of the valuable tools provided by the military's modern evidence rules.

5. Assuming *arguendo* that the Mil.R.Evid. 403 objection was not waived, it is abundantly clear to us that the probative value that judicial notice of the regulation provided concerning the "financial impact" suffered by the government, due to appellant's criminal misconduct, was not *substantially outweighed* by any of the countering Mil.R.Evid. 403 factors.

of AR 735–11 was to permit trial counsel to argue the limit of liability as a matter in aggravation of sentence. From the appellant's perspective, this tactic provided the foundation for requesting the imposition of a fine as a means of restitution.[6] Our view of trial counsel's argument, however, reveals that other primary purposes for urging imposition of a fine were (a) as a means of punishing appellant for the offenses which he had committed, and (b) as a deterrent against such offenses. In fact, trial counsel expressly argued:

> "[w]e need to ... teach [appellant] that what he's done is wrong. Captain Schroer [appellant's company commander] has told you that his attitude has not changed, he's not shown remorse. But more important, consider the deterrent effect. Drinking and driving is [sic] going on, the Army is trying to put it down, but maybe the only way people are going to listen is when they see that if you do it, you're going to get punished for it. To let a guy walk away without confinement, and reduction in this case, ... *and a fine*, people aren't going to listen. This is the kind of thing that's going to wake people up. With that, the [g]overnment requests that your sentence include, a dishonorable discharge, confinement at hard labor for five years, reduction to E–1, and a *substantial fine to reimburse the [g]overnment for the loss of the ambulance.* Thank you.

(Emphasis supplied.)

We find that trial counsel's argument "was based on evidence found in the record as well as on reasonable inferences drawn from that evidence, and, as such, its overall content was fair comment...." *United*

*States v. McPhaul,* 22 M.J. 808, 814 (A.C. M.R.), *petition denied,* 23 M.J. 266 (C.M.A. 1986). Further, based on the above and viewing the argument on its four corners, we are satisfied it was not improper, substantially misleading or otherwise inflammatory. The assignment of error is without merit.

Appellant also asserts that the military judge erred when he failed *sua sponte* to stop trial counsel's argument referring to the operation of AR 735–11 and trial counsel's argument that a fine is an appropriate mechanism by which to reimburse the government for the ambulance that was destroyed by the appellant.

■ The defense did not object to trial counsel's closing argument. Failure to make timely objection to improper argument constitutes waiver of the objection. R.C.M. 1001(g). This waiver provision will be strictly enforced. *United States v. Williams,* 23 M.J. 776, 781 (A.C.M.R.1987) (en banc); *United States v. McPhaul,* 22 M.J. at 814. We do not construe appellant's earlier objection to the taking of judicial notice of AR 735–11, as either expressly or tacitly constituting a specific objection to trial counsel's subsequent argument on the specific ground that it is improper to argue that a fine is an appropriate mechanism to reimburse the government for the destroyed ambulance. Accordingly, the objection is waived. Mil.R.Evid. 108(a)(1); R.C.M. 1001(g); *United States v. McPhaul,* 22 M.J. at 814. Further, we find this comment to have been proper. *See, e.g.,* 24 U.S.C. sec. 44. Assuming *arguendo,* that appellant's earlier broad objections in some fortunate manner preserved a specific objection to trial counsel's references during

---

6. Appellant points out that fines collected pursuant to a court-martial sentence currently are credited to the "Soldiers' and Airmen's Home Permanent Fund" after satisfaction of indebtedness to the government. Appellant erroneously implies that such fines will not reimburse the government for its loss. We disagree. The Soldiers' and Airmen's Home is statutorily recognized. Title 24, United States Code, section 44, expressly provides:

> For the support of the Soldiers' and Airmen's Home the following funds are set apart and

appropriated: All ... fines adjudged against soldiers by sentence of courts-martial ... *over and above any amount that may be due for the reimbursement of Government, or of individuals.*

(Emphasis added.) Thus, it is clear to us that consistent with the above statute, the proceeds of a fine could be used, in the absence of contrary regulatory policy, as one of the means of reimbursing the government for the destruction, damage, or loss of military property.

argument to AR 735–11, we find such comments by counsel to have been within the fair bounds of advocacy in view of the admissible evidence of record which included the judicial notice taken of AR 735–11. Thus, we find these assignments of error to be without merit.

Further, assuming that the military judge had erred whether by taking judicial notice of AR 735–11 or by failing *sua sponte* to stop trial counsel from referring during argument to those matters above discussed, we are satisfied appellant suffered no prejudice within the meaning of Article 59(a), UCMJ, 10 U.S.C. sec. 859(a), as his adjudged sentence was substantially reduced pursuant to the terms of his pretrial agreement. *United v. Hendon,* 6 M.J. 171, 175 (C.M.A.1979) (accused's own sentence proposal is a reasonable indication of its probable fairness).

We have carefully considered all issues personally raised by appellant and find them to be without merit.

 Although not normally considered multiplicious for findings, in view of the detailed averments contained in the specifications of Charges I and III, respectively, and the circumstances surrounding the commission of these two offense, we find the offenses averred in these two specifications to be multiplicious for findings. *See United States v. Straughan,* 19 M.J. 991, 993 (A.C.M.R.1984), *petition denied,* 19 M.J. 322 (C.M.A.1985). Accordingly, the Specification of Charge I and the Specification of Charge III are consolidated by adding the words, "; and, did destroy through neglect in said automobile accident said Army ambulance, military property of the United States of a value of about $10,-638.00" after the words "Johnny Spells" in the Specification of Charge I.

The findings of guilty, including the findings of guilty of Charge I and its consolidated Specification, are affirmed.

Although we are satisfied that appellant suffered no prejudice as a result of the multiplicity errors, we elect *sua sponte* to reassess the sentence, taking into consideration the error noted, the entire record and the staff judge advocate's recommendation as to sentence to his convening authority.[7]

Only so much of the sentence is affirmed as provides for dishonorable discharge, confinement for eighteen months, forfeiture of all pay and allowances, a fine in the amount of $3,000.00, and reduction to the grade of Private E–1.

Judge CARMICHAEL and Judge KENNETT concur.

---

7. Appellant received an adjudged sentence of a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, a fine of $6,000.00 and reduction to the grade of Private E–1. The staff judge advocate initially recommended that, pursuant to appellant's negotiated plea, only so much of the sentence be approved as provides for dishonorable discharge, confinement for eighteen months, forfeiture of all pay and allowances, a fine of $6,000.00 and reduction to grade of Private E–1. After considering appellant's R.C.M. 1105 and 1106 response, the staff judge advocate adhered to his original recommendation, except that he recommended the fine be reduced to $3,000.00.