UNITED STATES, Appellee,

v.

Second Lieutenant Jeffrey A. ROBERT-SON, 249–43–3177, United States Army, Appellant.

ACMR 8801053.

U.S. Army Court of Military Review.

7 Dec. 1988.

For Appellant: Colonel John T. Edwards, JAGC, Captain Scott A. Hancock, JAGC, (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before DeFORD, KANE and BROGAN, Appellate Military Judges.

## OPINION OF THE COURT

BROGAN, Judge: *

Pursuant to his pleas, appellant was convicted of forgery in violation of Article 123 of the Uniform Code of Military Justice, 10 U.S.C. § 923 (1982) [hereinafter UCMJ]. His sentence as approved by the convening authority includes a dismissal, confinement for ninety days, forfeiture of all pay and allowances, and a fine of five thousand dollars.

Appellant contends that the military judge "employed an improper sentencing principle in levying a fine against [him]." At the sentencing proceeding, the military judge explained his rationale for imposing the fine:

I have adjudged the punishment of a fine which represents in terms of pay of a Second Lieutenant whose basic pay alone is $1,286.00, represents less than 5 months pay, a little over 4 months pay actually. But I have adjudged a fine, not because of unjust enrichment, but because in the case of an officer who has committed an offense like the one before the court that was entirely a willful offense, the consequences of which render that person completely unusable in our military society and deprives the Army of its investment. I considered the fact that the accused was on an ROTC schol-

arship in school and the fine was imposed for that reason; to not only obtain some measure of its investment back in the loss of its bargain. And, if that be an improper basis for adjudged the fine, I'll let the appellate courts tell me so, as I'm sure they will have no hesitancy to do so.

Appellant contends that the adjudged fine is impermissible because it "exceeded the permissible scope of sentencing." In support of his contention, appellant relies upon the traditional reasons underlying a sentence. *See United States v. Lucas*, 2 M.J. 834, 835 (A.C.M.R.1976) (the protection of society against wrongdoers, the punishment of the wrongdoer, the rehabilitation of the wrongdoer, and the deterrence of others from the commission of similar offenses). Alleging that the fine was adjudged solely to recoup the government loss occasioned by the appellant's punitive discharge, he concludes that the adjudged fine is impermissible because the fine was not premised upon "principle reasons for sentencing." We disagree.

█ The so-called sentencing "factors" referred to by the appellant are not restrictions on the scope of inquiry permitted in the sentencing process. Rather, they are ends sought by the process of individualizing a sentence. "It should be obvious that a proper dealing with these factors involves a study of each case upon an individual basis." *Williams v. New York*, 337 U.S. 241, 249 n. 13, 69 S.Ct. 1079, 1084 n. 13, 93 L.Ed. 1337 (1949) (referring to a statement by "Judge Uhlman" quoted in Glueck, Probation and Criminal Justice 113 (1933)). Therefore, consideration by the sentencing authority that the very nature of appellant's offense rendered him unsuitable for further military service and that, as a consequence, his volitional crime had specific—albeit consequential—adverse effects beyond those felt by the immediate victim was appropriate insofar as it impacted upon the individualizing process contemplated by the sentencing proceeding. In short, the "loss of bargain" suffered by the government and, ultimately, by society was an aggravating circumstance directly re-

---

* Judge James A. Brogan took final action on this case prior to his release from active duty.

sulting from the offense of which the appellant was found guilty. *See* R.C.M. 1001(b)(4). The fact that consideration of these matters led the sentencing authority to determine that an appropriate sentence would include a fine is nothing more than a manifestation of the discretion of the sentencing authority. R.C.M. 1002.

▮ Traditionally, fines are utilized to punish the offender and to deter similar misconduct by others. Congress has delegated to the President its constitutional authority to set the maximum punishments. Article 56, UCMJ, 10 U.S.C. § 856. In promulgating the rule allowing the imposition of a fine as an element of lawful sentences, the President has not prescribed any limit to the amount of a fine which may be adjudged. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1003(b)(3) [hereinafter R.C.M.]. Nor has he placed any limitation on the circumstances in which a fine might be lawfully imposed although he is authorized to do so by Article 59, UCMJ, 10 U.S.C. § 859. *See* R.C.M. 1003(b)(3).[1] Consequently, the sentence adjudged is not unlawful in the sense that it violates the maximum limits established by the President pursuant to his Article 56, Uniform Code of Military Justice, authority. *See United States v. Ortiz,* 24 M.J. 164 (C.M.A.1987) (a sentence which exceeds the maximum punishment authorized by the Table of Maximum Punishments cannot be affirmed no matter how appropriate it may seem). Nor does the fine exceed that agreed upon by pretrial agreement. *See United States v. Hodges,* 22 M.J. 260 (C.M.A.1986) (although a punitive discharge may lawfully be commuted into a period of additional confinement, such commutation may not violate the limitation of confinement contained in a pre-

trial agreement). The sentence is not so disproportionate to the crime for which the accused has been convicted so as to violate the Eighth Amendment prohibition against cruel and unusual punishment. *See United States v. Ballard,* 20 M.J. 282, 284 (C.M.A.1985). *See also United States v. Williams,* 18 M.J. 186, 187 (C.M.A.1984) (other than the Article 55, UCMJ, 10 U.S.C. § 855, proscriptions against cruel and unusual punishment there are no limits to the amount of a fine which may be adjudged by a general court-martial). Finally, we find the sentence appropriate for the accused as an individual and for the offenses of which he has been convicted. Article 66(c), UCMJ, 10 U.S.C. § 866(c). *See United States v. Finlay,* 6 M.J. at 729. Beyond these considerations, the sentence adjudged is a matter within the discretion of the sentencing authority. R.C.M. 1002.

▮ Nevertheless, the Manual for Courts–Martial, does not specifically authorize restitution or recoupment as components of a lawful sentence even though Congress clearly considers such matters within the delegated authority of the President. *Compare* R.C.M. 1003 *with* 24 U.S.C. § 44 (fines adjudged by sentence of courts-martial "over and above any amount that may be due for the reimbursement of Government, or of individuals" are set apart and appropriated for the support of the Soldiers' and Airmen's Home). Despite the absence of specific provision for adjudging restitution or recoupment, the United States Court of Military Appeals and this court have consistently held that the loss occasioned by the accused's offense is an acceptable method of determining the amount of the fine to be imposed. *United States v. McElroy,* 14 C.M.R. 24, 31 (C.M.A.1954). *See also United States v.*

---

1. In promulgating the Manual for Courts–Martial, United States, 1969 (Rev.), the President provided:

    [A] fine normally should not be adjudged against a member of the armed forces unless the accused was unjustly enriched as the result of the offense of which he is convicted.

    Manual for Courts–Martial, United States, 1969 (Rev.), paragraph 126h(3). In *United States v. Finlay,* however, we found that the above cited provision was only directory, not mandatory.

*United States v. Finlay,* 6 M.J. 727, 728 n. 1 (A.C.M.R.1978). *See also United States v. Parini,* 12 M.J. 679, 684 (A.C.M.R.1981), *petition denied,* 13 M.J. 210 (C.M.A.1982). The directory language was deleted from the present manual. R.C.M. 1003(b)(3). The language now appears in the Discussion to Rule for Courts–Martial 1003(3). This "supplementary material" does not, however, have the force of law. Discussion, M.C.M.1984, part 1, paragraph 4.

*Schwarz,* 24 M.J. 823 (A.C.M.R.1987); *United States v. Finlay,* 6 M.J. 727 (A.C.M.R.1978). Accordingly, the appellant's assertion of error is without merit.

We have considered the matter personally asserted by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find it without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge DeFORD and Judge KANE concur.*