**UNITED STATES**

v.

**Walter L. THOMAS, 254 25 8792, Seaman Apprentice (E–2), U.S. Navy.**

**NMCM No. 92 0954.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 12 Dec. 1991.

Decided 14 Oct. 1992.

LT David P. Sheldon, JAGC, USNR, Appellate Defense Counsel.

LT Dwight N. Mersereau, JAGC, USNR, Appellate Government Counsel.

Before STRICKLAND and ORR, Senior Judges, and BARNES, J.

BARNES, Judge:

We have examined the record of trial, the assignments of error,[1] and the Government's response, and we have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

The appellant was convicted by general court-martial pursuant to his guilty pleas of unauthorized absence and missing movement by neglect. The unauthorized absence extended from 17 July 1990 to 23 August 1991 and was terminated by apprehension. The appellant was sentenced to be reduced to pay grade E–1, to pay a fine of $1500.00, and to be discharged with a bad-conduct discharge.

■ Appellant asserts in his first assignment of error that a fine is inappropriate. While we agree that the appellant received no unjust enrichment nor did the Government suffer a loss through his misconduct, it is equally evident that the military judge considered the individual and unusual circumstances of this case in determining an appropriate sentence.

The evidence discloses that the appellant is an insulin dependant diabetic requiring two daily injections and four "finger sticks" per day to monitor his blood sugar. While in pretrial confinement following his apprehension, he was discovered unconscious and admitted to Jacksonville Naval Hospital after a hypoglycemic episode where he remained a patient from 22 to 28 October. Two doctors cautioned that if appellant were to be confined it would have to be in a facility staffed with medical personnel twenty-four hours a day and with ready access to emergency transportation to a hospital.

---

1. I. A SENTENCE WHICH INCLUDES A $1,500 FINE IS INAPPROPRIATE IN THIS CASE.
II. THE COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE. *But see United States v. Graf*, 32 M.J. 809 (N.M.C.M.R.1990), *petition granted*, 34 M.J. 169 (C.M.A.1991). BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A *KNOWING* WAIVER OF APPELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL.
III. THE GENERAL COURT–MARTIAL LACKED JURISDICTION BECAUSE APPELLANT'S MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. *See generally* U.S. Const. art. II, § 2, cl. 2; *Freytag v. Commissioner of Internal Revenue*, —— U.S. ——, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991); *but see United States v. Coffman*, 35 M.J. 591 (N.M.C.M.R.1992). BECAUSE THIS ERROR IS JURISDICTIONAL, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. [Footnote omitted.]

Trial defense counsel negotiated with the convening authority and obtained a pretrial agreement wherein the appellant would accept whatever fine was imposed and any confinement in excess of 90 days was to be suspended. The appellant was advised during the providence inquiry that the maximum punishment authorized included the possibility of a fine, and his defense counsel argued on sentencing that confinement was ill advised due to appellant's medical condition and suggested that the court-martial "limit any forfeitures or fines." Record at 32. That the appellant would now cry "foul" is untenable.

■ Although a fine should not normally be adjudged in the absence of unjust enrichment, where other good reasons exist fines are appropriate. *See United States v. Czeck*, 28 M.J. 563 (N.M.C.M.R.), *petition denied*, 29 M.J. 275 (C.M.A.1989). The trial counsel agreed that confinement was neither convenient nor prudent in this case. A fine was among the range of penalties authorized by law and contemplated by the appellant and his counsel. The appellant has provided no evidence that the fine is either oppressive or that he lacks the ability to pay. We specifically find that the fine was appropriate under the circumstances of this case.

The appellant's second and third assignments of error are also without merit. *See United States v. Graf*, 32 M.J. 809, (N.M.C.M.R.1990), *aff'd*, 35 M.J. 450 (C.M.A.1992); *United States v. Coffman*, 35 M.J. 591 (N.M.C.M.R.1992) (per curiam).

Accordingly, the findings and sentence as approved on review below are affirmed.

Senior Judges STRICKLAND and ORR concur.