**UNITED STATES, Appellee,**

v.

**Specialist Patrick M. SMITH, 255–19–8735, United States Army, Appellant.**

**ARMY 9402090.**

U.S. Army Court of Criminal Appeals.

28 Aug. 1996.

For Appellant: Captain Stanley M. Bell, JA (argued); Captain Michael E. Hatch, JA (on brief).

For Appellee: Captain Joanne P. Tetreault, JA (argued); Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA; Major Anthony P. Nicastro, JA (on brief).

Before EDWARDS, ARQUILLA, and GONZALES, Appellate Military Judges.

OPINION OF THE COURT

GONZALES, Judge:

Pursuant to his pleas, the appellant was found guilty, by a military judge sitting as a general court-martial, of the random kidnapping, forcible rape, and felony murder of a female child slightly less than three years of age in violation of Articles 118(4), 120(a), and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 918(4), 920(a), and 934 (1988) [hereinafter UCMJ]. The military judge sentenced the appellant to a dishonorable discharge, confinement for life, forfeiture of all pay and allowances, reduction to Private E1, and a fine payable to the United States in the amount of $100,000.00. The military judge included the following enforcement provision for the collection of the fine:

In the event the fine has not been paid by the time the accused is considered for parole, sometime in the next century, that the accused be further confined for 50 years, beginning on that date, or until the fine is paid, or until he dies, whichever comes first.[1]

1. Under the provisions of paragraphs 3–1c(1)(c), 3–1c(3) and 3–1c(5) of Army Regulation 15–130, Boards, Commissions, and Committees: Army Clemency and Parole Board (9 Aug. 1989) [here-

The pretrial agreement only required the convening authority to re-refer this case as noncapital. Consequently, the convening authority was free to approve the adjudged sentence, which he did. He also credited the appellant with 213 days of pretrial confinement.

Before this court, the appellant asserts, inter alia, several assignments of error which together address: (1) whether a fine is permissible where the offenses did not involve an unjust enrichment; (2) whether a fine in the amount of $100,000.00 is excessive or cruel and unusual that it violates the Eighth Amendment; and, (3) whether the fine enforcement portion of the sentence circumvents the statutory authority of the Secretary of the Army to make parole determination. For reasons set forth below, we hold that the $100,000.00 fine is a permissible element of the appellant's sentence. Furthermore, we hold that the amount of this fine is neither excessive nor cruel and unusual under the Eighth Amendment. Finally, we hold that the fine enforcement provision intrudes upon the statutory parole authority of the Secretary of the Army or his designee.

Is the Fine a Permissible Punishment?

■ Rule for Courts–Martial 1003(b)(3) [hereinafter R.C.M.] provides that a general court-martial may adjudge a fine in addition to forfeitures.[2] Traditionally, fines have been used to punish offenders and to deter similar misconduct by others. *United States v. Robertson*, 27 M.J. 741, 743 (A.C.M.R. 1988), *pet. denied*, 28 M.J. 443 (C.M.A.1989).

As the appellant asserts, a "fine normally should not be adjudged against a member of the armed forces unless the accused was unjustly enriched as a result of the offense[s] of which convicted." R.C.M. 1003(b)(3) discussion. However, this unjust enrichment provision, which first appeared in Section B, para. 117c, Manual for Courts–Martial, United States, 1949, has long been recognized as advisory and not mandatory in nature. *United States v. Cuen*, 9 U.S.C.M.A. 332, 337, n. 5, 26 C.M.R. 112, 117 n. 5, 1958 WL 3315 (1958); *United States v. Williams*, 18 M.J. at 189 n. 6; *United States v. Higdon*, 2 M.J. 445, 456 (A.C.M.R.1975).

Also, since 1984, this provision has been part of the "supplementary materials" to, rather than an integral part of, the Manual for Courts–Martial. Consequently, this provision no longer has the force of law. Manual for Courts–Martial, United States, 1984, Part I, para. 4 discussion; *United States v. Robertson*, 27 M.J. at 743 n. 1.

■ Thus, there is no legal requirement that an accused realize an unjust enrichment from the offense(s) he committed before a fine may be adjudged.[3] Nevertheless, we note that the Court of Appeals, this court, and the Navy–Marine Corps Court of Criminal Appeals have either expressly or implicitly indicated that in the absence of an unjust enrichment, an adjudged fine should be based on "any other good reason." *See United States v. Williams*, 18 M.J. at 189 n. 6; *see also United States v. Schwarz*, 24 M.J. 823, 825 (A.C.M.R.1987), *pet. denied*, 26 M.J. 61 (C.M.A.1988); *United States v. Thomas*, 36 M.J. 554, 556 (N.M.C.M.R.1992), *pet. denied*, 37 M.J. 196 (C.M.A.1993); *United States v. Czeck*, 28 M.J. 563, 565 (N.M.C.M.R.) *pet. denied*, 29 M.J. 275 (C.M.A.1989).

inafter AR 15–130], the appellant would be first eligible for parole after he has served ten years of his sentence to confinement for life, excluding good conduct time and any other sentence reductions, and then annually thereafter.

2. However, a general court-martial may not adjudge a fine in addition to total forfeitures in a guilty-plea case unless the pretrial agreement specifically mentions the possibility of a fine or the possibility of a fine has been made known to the accused during the providence inquiry. *United States v. Williams*, 18 M.J. 186, 189 (C.M.A.1984).

3. Two cases in which a fine was adjudged, approved, and affirmed against accuseds who were not unjustly enriched are *United States v. Martinez*, 42 M.J. 327 (1995), *cert. denied* — U.S. ——, 116 S.Ct. 780, 133 L.Ed.2d 731 (1996), in which the Court of Appeals for the Armed Forces [hereinafter Court of Appeals] affirmed a sentence that included a fine of $1,000.00, although the accused was convicted of negligent homicide and *United States v. Parini*, 12 M.J. 679 (A.C.M.R. 1981), *pet. denied*, 13 M.J. 210 (C.M.A.1982), in which this court affirmed a sentence that included a fine of $15,000.00 for an accused convicted of three indecent assaults.

■ One widely recognized "good reason" for imposing a fine is when an accused, in a pretrial agreement, has freely and voluntarily assented to the imposition of a fine in order to avoid some more dreaded lawful punishment. *Id.* (citing *United States v. Ford,* 12 M.J. 636 (N.M.C.M.R.1981), *pet. denied,* 13 M.J. 115 (C.M.A.1982)); *United States v. Thomas,* 36 M.J. at 556. The appellant, in order to avoid the death penalty, expressly agreed that the maximum punishment of his court-martial would include the possibility of a fine in exchange for a noncapital re-referral.

There is little doubt that the appellant understood the "good reason" for his fine. The appellant's pretrial agreement correctly stated the maximum punishment, including the possibility of a fine. During the providence inquiry, the military judge asked for and received assurances from both the appellant and his counsel that they understood that a fine could be adjudged. Additionally, after he announced the sentence, the military judge asked both sides if they agreed that the convening authority could approve the sentence as adjudged. Both sides agreed he could do so.

We need not speculate as to what the "good reason" was for the fine in this case. *See United States v. Jones,* 28 M.J. 939, 940 (N.M.C.M.R.1989). It was to provide for the full measure of an appropriate punishment allowed under the terms of the pretrial agreement that the appellant negotiated in order to spare his exposure to the death penalty. Accordingly, we hold that the adjudication of a fine was permissible in this case, although the appellant was not unjustly enriched.

### Is the Fine Excessive or Cruel and Unusual Punishment?

■ Congress has given the President the constitutional authority to prescribe maximum limits on punishment that could be adjudged at courts-martial. UCMJ art. 56; *United States v. Curtis,* 32 M.J. 252, 261 (C.M.A.), *cert. denied,* 502 U.S. 952, 112 S.Ct. 406, 116 L.Ed.2d 354 (1991) (subsequent history omitted); *United States v. Herd,* 29 M.J. 702, 707–08 (A.C.M.R.1989), *modified,* 32 M.J. 33 (C.M.A.1990). Pursuant to this authority, the President has established general guidelines concerning the imposition of fines by courts-martial in R.C.M. 1003(b)(3). While the President limited the authority of special and summary courts-martial with respect to the amount of fine they could impose, he did not place any limitation on general courts-martial. R.C.M. 1003(b)(3); *United States v. Williams,* 18 M.J. at 187; *United States v. Czeck,* 28 M.J. at 564.

■ This court will not modify or set aside an adjudged fine authorized by Congress and the President, unless the fine is so excessive and so disproportionate to the offenses committed as to shock the public conscience and violate the judgment of reasonable people concerning what is right and proper under the circumstances. *United States v. Parini,* 12 M.J. at 685. Although we note that this court once deemed a fine of $4,600,000.00 for violating Articles 108 and 121, UCMJ, as entirely excessive in *United States v. Hathaway,* ACMR 8702635 (A.C.M.R. 30 Jun. 1988) (unpub.) (Lymburner, J. concurring in the result), *pet. denied,* 28 M.J. 81 (1989), we find that the amount of the appellant's fine does not shock the public conscience or violate the judgment of reasonable people.

With respect to whether a punishment is cruel and unusual, the Supreme Court provided a three-part test in *Solem v. Helm,* 463 U.S. 277, 290–300, 103 S.Ct. 3001, 3009–3015, 77 L.Ed.2d 637 (1983). This test requires an appellate court to: (1) consider the gravity of the offense(s) and the harshness of the penalty, (2) compare the adjudged sentence with sentences imposed on other criminals who commit serious offenses in the same jurisdiction, and (3) compare the adjudged sentence with the maximum sentence that could have been imposed for the same crime in other jurisdictions. Applying this test to the appellant's fine, we find: (1) that the gravity of the appellant's misconduct was so reprehensible and so outrageous that it merits the full amount of the adjudged fine; (2) that within the military jurisdiction, fines comparable in amount to the appellant's have been adjudged against other accused who have committed serious crimes, such as in the case of *United States v. Sutton,* 42 M.J. 355 (1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 780, 133

L.Ed.2d 731 (1996) ($84,742.00 fine affirmed for violating Articles 92, 81, and 134, UCMJ);[4] and (3) that the maximum fine the appellant could have potentially received for these offenses, had he been tried in Federal District Court, is $250,000.00.[5]

■ This court is charged with affirming only the sentence or such part or amount thereof as we determine should be approved. UCMJ art. 66(c). The appropriateness of an accused's sentence must be judged on an individual basis, considering the nature and seriousness of the offense and the character of the offender. *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A.1982).

■ Thus, given the horrific nature of the offenses of which the appellant stands convicted, we hold that the $100,000.00 fine is neither excessive nor cruel and unusual. To the contrary, we hold that the fine is appropriate. UCMJ art. 66(c); *United States v. Healy,* 26 M.J. 394 (C.M.A.1988).

### Does the Fine Enforcement Provision[6] Circumvent the Parole Authority of the Secretary of the Army?

■ Congress has authorized each military service Secretary to provide "a system of parole for offenders who are confined in military correctional facilities." 10 U.S.C. § 952. Parole is defined as the release of a prisoner from a correctional facility to the community under the supervision of a U.S. probation officer. AR 15–130, para. 1–3b(2). Department of Defense Directive 1325.4, Confinement of Military Prisoners and Administration of Military Correctional Programs and Facilities (May 19, 1988) [hereinafter DOD Dir. 1325.4], requires each Secretary to establish a Clemency and Parole Board to assist the Secretary in executing his statutory clemency and parole responsibilities. The Secretary of the Army has issued AR 15–130, to implement the clemency and parole provisions of DOD Dir. 1325.4, including a delegation of clemency and parole authority to the Deputy Assistant Secretary of the Army (Review Boards and Equal Employment Opportunity Compliance and Complaints Review) and establishing the Army Clemency and Parole Board to assist him in making clemency and parole determinations, and tailoring a parole plan for each parolee.[7]

■ It is therefore clear that Congress intended for each of the military services to

4. Other cases decided by this court where a substantial fine was adjudged are *United States v. Ward,* ACMR 9300643 (A.C.M.R. 21 July 1994)(unpub.)($65,000.00 fine adjudged for violating Articles 92, 107, 108, UCMJ, disapproved by the convening authority pursuant to a pretrial agreement); *United States v. Viverito,* 34 M.J. 872 (A.C.M.R.), *pet. denied,* 36 M.J. 76 (1992)($60,000.00 fine adjudged for violating Articles 121 and 132, UCMJ, set aside by this court because neither the pretrial agreement nor the military judge advised the accused of the possibility of a fine under *Williams* (see footnote 2)); and *United States v. Pinkstaff,* ACMR 9001809 (A.C.M.R. 21 Dec. 1990)(unpub.)($60,000.00 fine adjudged for violating Article 86, UCMJ, set aside by this court because of a *Williams* violation).

5. The appellant initially would have faced a maximum possible fine of $750,000.00, which represents the aggregate of three separate $250,000.00 fines for murder, aggravated sexual abuse, and kidnapping. 18 U.S.C. § 3571(b)(3). However, under the United States Sentencing Guidelines these offenses would have merged into one offense for sentencing purposes. *Sentencing Guidelines for the United States Courts,* 18 U.S.C.S. app. § 3D1.2 (1995). Thus, based on the appellant's offense level under these guidelines, the appellant would have faced a maximum possible fine of $250,000.00. *See* 18 U.S.C.S. app. §§ 2A1.1, 5E1.2.

6. Rule for Courts–Martial 1003(b)(3) also authorizes a fine enforcement provision as an incentive to paying a fine. This provision is not punishment and is primarily a tool used to enforce the collection of a fine. *United States v. Rascoe,* 31 M.J. 544 (N.M.C.M.R.1990). A person fined can be further confined, in addition to any period of confinement adjudged, until a "fixed period" of confinement has expired. However, the duration of the "fixed period" of confinement has two limitations. First, the "fixed period" must be "considered an equivalent punishment to the fine," and second, the "total period of confinement.so adjudged shall not exceed the jurisdictional limits of the court-martial." R.C.M. 1003(b)(3). Although raised by the appellant during oral argument, it is not necessary to address whether the appellant's fine enforcement provision meets both of these requirements before deciding this case.

7. Any conditions of parole deemed reasonable and appropriate may be part of a parole plan. This can include a requirement to make monthly payments towards satisfying an unpaid fine. AR 15–130, para. 3–2a(5)(d).

implement a parole system. Pursuant to this Congressional mandate, parole authority has been vested in individuals believed to be best qualified and in the best position to obtain and evaluate information relevant to release from confinement, namely, each military service Secretary. It is equally clear that neither Congress nor the President has authorized courts-martial to impose a sentence that would be inconsistent with this intent or interfere with this parole authority, such as a sentence of confinement for life without the possibility of parole.

When it comes to sentencing, the issue is "[w]hat is a 'legal, appropriate, and adequate' sentence?" *United States v. Combs,* 20 M.J. 441, 442 (C.M.A.1985) (quoting *United States v. Courts,* 9 M.J. 285, 292 n. 14 (C.M.A.1980)). Courts-martial are to concern themselves with the appropriateness of a particular sentence for the accused and his offense(s), without regard to the collateral administrative effects which may or may not occur after the court-martial adjourns. *United States v. Griffin,* 25 M.J. 423, 424 (C.M.A.1988) (citing *United States v. Quesinberry,* 12 U.S.C.M.A. 609, 612, 31 C.M.R. 195, 198, 1962 WL 4393 (1962), *cert. denied,* 487 U.S. 1206, 108 S.Ct. 2849, 101 L.Ed.2d 886 (1988)). A court-martial should not be concerned with the myriad of collateral consequences that a particular sentence adjudged by it might subsequently have. *United States v. Turner,* 14 U.S.C.M.A. 435, 438, 34 C.M.R. 215, 218, 1964 WL 4998 (1964). The administrative procedures that may permit the Secretary of a military service or his designee to release a prisoner on parole are collateral to the sentencing function at trial and should not be considered. *See United States v. McLaren,* 34 M.J. 926, 933–34 (A.F.C.M.R.1992), *aff'd,* 38 M.J. 112 (C.M.A. 1993), *cert. denied,* 510 U.S. 1112, 114·S.Ct. 1056, 127 L.Ed.2d 377 (1994).

In the instant case, it is obvious that the military judge speculated on the collateral administrative effects of the clemency and parole system when he fashioned the fine enforcement provision in conjunction with a sentence of confinement for life. By making "the time the accused is considered for parole" the beginning point for the fifty-year "fixed period," we are convinced that he essentially was attempting to use the fine enforcement provision as a means to defer for many years the point at which the appellant might otherwise be released on parole and perhaps even preclude the Secretary of the Army or his designee from ever releasing the appellant on parole before the appellant died. This could have the effect of imposing a sentence of confinement for life without the possibility of parole, which is not within the bounds of discretion of any sentencing authority.

We conclude that the military judge exceeded his sentencing authority by including a fine enforcement provision that was not completely "legal, appropriate, and adequate." The provision presents an undue intrusion into the parole authority of the Secretary the Army, his designee, and the Army Clemency and Parole Board. Accordingly, this fine enforcement provision is void as a matter of public policy. This infirmity, however, does not adversely affect that part of the sentence which was within the military judge's discretion to impose. *United States v. Jones,* 3 M.J. 348, 351–52 (C.M.A.1977).

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for life, forfeiture of all pay and allowances, reduction to Private E1, and a fine payable to the United States in the amount of $100,-000.00.[8]

---

**8.** Our decision moots those assignments of error concerning whether the appellant was denied the effective assistance of counsel, whether the appellant's indigency prevents approval of the fine enforcement provision, and whether the appellant was denied fundamental fairness and due process under the Fourteenth (should be Fifth) Amendment.

Senior Judge EDWARDS and Judge ARQUILLA * concur.

