David P. SCHNEIDER, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 97–94C.

United States Court of Federal Claims.

Aug. 19, 1997.

David P. Schneider, Butner, NC, pro se.

Michal L. Tingle, Washington, DC, with whom was Assistant Attorney General Frank W. Hunger, for defendant. LTC Kevin J. Chapman and Capt. David L. Parker, Department of the Army, Office of the Judge Advocate General, of counsel.

## OPINION

MEROW, Judge.

The time for a response having expired, this military pay matter comes before the Court on defendant's dispositive motion, filed June 13, 1997.

## FACTS

Plaintiff, David P. Schneider, a Major in the United States Army, was convicted in 1990, by general court-martial, of attempted murder of his then wife, conduct unbecoming an officer by committing perjury, and adultery.

The court-martial sentenced Major Schneider to 23 years of confinement, dismissal from the service, and forfeiture of all pay and allowances. The findings and sentence were approved by the convening authority in February of 1991, with the exception that forfeitures in excess of $400.00 pay per month would be suspended "... on the conditions that the accused continuously claim on an Internal Revenue Service Form W–4, so long as he may legitimately do so, that he is single with two dependents, and that he initiate and maintain a monthly military pay allotment to be paid directly to Deborah A. Schneider in the amount of $2500.00."

Upon appeal to the Army Court of Military Review [Army Court of Criminal Appeals], Major Schneider's conviction and sentence were affirmed. 34 M.J. 639 (A.C.M.R.1992). Following further appellate proceedings, the United States Court of Military Appeals [United States Court of Appeals for the Armed Forces] affirmed the decision of the Army Court of Military Review. *United States v. Schneider*, 38 M.J. 387 (CMA 1993) (Judge James L. Ryan, United States Court of Appeals for the Sixth Circuit, sitting by designation pursuant to Article 142(f) UCMJ, 10 U.S.C. § 942(f); also sitting by designation and concurring in the opinion were Judge H. Robert Mayer of the United States Court of Appeals for the Federal Circuit, and Judge Stanley Sporkin of the United States District Court for the District of Columbia). Major Schneider's petition for a writ of *cer-*

*tiorari* was denied by the United States Supreme Court. *Schneider v. United States,* 511 U.S. 1106, 114 S.Ct. 2100, 128 L.Ed.2d 662 (1994).

During the court-martial proceedings, it was discovered by defense counsel that one of the court members, Major Margaret Horrell, might have a date of rank junior to that of Major Schneider. A panel questionnaire, completed by Major Horrell, and made available to counsel, listed a date of rank junior to that of plaintiff, whereas the Army's summary personnel information form listed an earlier date of rank, which was not junior to Major Schneider's. The matter had some significance because Article 25(d)(1) of the UCMJ provides, in part that:

> (a) Any commissioned officer on active duty is eligible to serve on all courts-martial for the trial of any person who may lawfully be brought before such courts for trial.
>
> \*   \*   \*   \*   \*   \*
>
> (d) (1) When it can be avoided no member of an armed force may be tried by a court-martial any member of which is junior to him in rank or grade.

Article 25(a) and (d)(1), UCMJ, 10 U.S.C. §§ 825(a) and (d)(1).

The morning after the court-martial found Major Schneider guilty, defense counsel raised the matter of Major Horrell's date of rank with the military judge. It was then ascertained that Major Horrell's date of rank was junior to Major Schneider's, and she took no part in the sentencing proceeding which followed.

The date of rank issue was then raised as one of the allegations of error in the ensuing appeal, and was fully considered and rejected by each appellate tribunal. *United States v. Schneider,* 34 M.J. at 643; *United States v. Schneider,* 38 M.J. at 394.

Following the forfeiture of his pay pursuant to the court-martial sentence, plaintiff initiated this suit seeking, in part, a judgment "... for all the pay that was never paid him, for all the pay that was paid him and then diverted to other persons...." Plaintiff alleges that because a member of the court-martial panel which found him guilty

was junior in rank, "... that the court-martial lacked jurisdiction to try him and the subsequent forfeitures and orders to pay money to his ex-wife were and are unconstitutional."

## DISCUSSION

■ Plaintiff's claim against the United States for military pay which was forfeited or diverted by reason of a court-martial conviction and sentence presents a matter within the jurisdiction granted to this Court pursuant to 28 U.S.C. § 1491. *Matias v. United States,* 923 F.2d 821 (Fed.Cir.1990). However, to mount a collateral attack on a court-martial judgment, the pleader must set forth facts showing a lack of fundamental fairness in the military proceedings such as to impair constitutional guarantees of due process. *Schlesinger v. Councilman,* 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975); *United States v. Augenblick,* 393 U.S. 348, 356, 89 S.Ct. 528, 533–34, 21 L.Ed.2d 537 (1969); *Matias v. United States,* 923 F.2d at 826; *Bowling v. United States,* 713 F.2d 1558, 1561 (Fed.Cir.1983).

■ The asserted defect in the court-martial proceeding pleaded by plaintiff, a court member with a date of rank junior to plaintiff's, does not rise to the constitutional level required to sustain a collateral attack. The military appellate tribunals fully considered this issue and fairly resolved the matter in affirming Major Schneider's conviction and sentence. The Supreme Court has ruled that service on a court-martial by a member with a date of rank junior to that of the officer convicted does not provide a ground upon which a collateral attack on the conviction can be launched. *Swaim v. United States,* 165 U.S. 553, 32 Ct.Cl. 622, 17 S.Ct. 448, 41 L.Ed. 823 (1897); *see Hiatt v. Brown,* 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. 691 (1950).

## CONCLUSION

Plaintiff has failed to set forth any serious constitutional due process violation in the

court-martial proceedings which resulted in his loss of military pay. Thus, he has failed to state a claim upon which relief can be granted.

It is **ORDERED** that final judgment be entered **GRANTING** defendant's dispositive motion, and **DISMISSING** plaintiff's "Initial Motion for Award of Pay" filed February 13, 1997, with no costs to be assessed.