Samuel S. POWELL, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 97–404C.

United States Court of Federal Claims.

Nov. 20, 1997.

Samuel S. Powell, Ft. Leavenworth, KS, pro se.

Armando O. Bonilla, with whom were Assistant Attorney General Frank W. Hunger, David M. Cohen, and James M. Kinsella, Washington, DC, for defendant. Major Joginder Dhillon, United States Air Force, Arlington, VA, of counsel.

## OPINION

BRUGGINK, Judge.

This military pay case comes before the court on defendant's motion to dismiss the claim on the ground that it is barred by operation of the principle of *res judicata*. The matter is fully briefed and oral argument is deemed unnecessary. For the reasons set out below, defendant's motion is granted.

## BACKGROUND [1]

Mr. Powell enlisted in the regular component of the United States Air Force and began serving on active duty on March 10, 1972. He attained the rank of technical sergeant (E–6). On June 1, 1989, plaintiff re-enlisted for a three year term. Prior to the expiration of the term of his re-enlistment, Mr. Powell was placed on "administrative hold" pending an investigation into charges of criminal misconduct. On August 29, 1992, he was convicted and sentenced to ten years confinement, reduction in grade, and dishonorable discharge. During his confinement and prior to expiration of his enlisted term, he had been drawing his normal pay as a technical sergeant. His sentence was approved, with exception of the dishonorable discharge, on December 15, 1992. Plaintiff sought review in what is now the United States Air Force Court of Criminal Appeals, which reversed two of the eleven court martial specifications, but otherwise affirmed the conviction and the sentence. On June 16, 1995, the Court of Appeals for the Armed Forces summarily denied Mr. Powell's peti-

---

1. The facts are drawn from the complaint and from the public documents attached to the defendant's motion to dismiss.

tion for review. On June 27, 1995, the Air Force issued a general court martial order that resulted in his dishonorable discharge on September 29, 1995.

Prior to his conviction, Mr. Powell had completed twenty years of continuous active duty service and was therefore otherwise eligible for retirement under 10 U.S.C. § 8914 (1992). The Secretary of the Air Force has not, however, exercised her discretion to approve of his retirement. Consequently, he has not been receiving retirement pay.

On July 25, 1995, plaintiff brought an action in district court seeking review of his conviction, his dishonorable discharge, and the denial of retirement benefits, and asking for back pay. The gravamen of the action, which was styled a petition for a writ of habeas corpus, was that the conviction, discharge, and denial of pay and benefits were the result of violations of several constitutional and statutory provisions.

While the district court action was pending, Mr. Powell brought an action in this court, *Powell v. United States,* No. 96–141 C. Because this court found that the action duplicated the district court proceeding, it was dismissed due to the operation of 28 U.S.C. § 1500 (1992). Thereafter, the district court ruled against plaintiff. *Powell v. Tillery,* No. 95–3312–RDR (D.Kan. Mar. 17, 1997), *appeal dismissed,* No. 97–3093 (10th Cir. May 27, 1997). It rejected all of Mr. Powell's assertions, holding that none warranted the court's exercise of its extraordinary habeas corpus powers. *Id.* This decision was initially appealed, but the appeal was dismissed voluntarily.

On June 6, 1997, plaintiff re-initiated an action here in the form of the pending complaint. It is, for all practical purposes, the same claim as dismissed previously by the district court. He once again challenges, as he did in the district court, his conviction, the denial of retirement benefits, and the denial of back pay. The amount of compensation he seeks exceeds $100,000.

## DISCUSSION

■ The Government contends that the present action is barred due to the conclusion of the district court litigation. The court agrees.

■ The defense of *res judicata* operates whenever a party attempts to relitigate a closed matter. There are four elements: 1) a final decision on the merits in the prior litigation in a forum that had jurisdiction; 2) an identity of parties; 3) an identity of the transactions or events underlying the two complaints; 4) an opportunity in the non-moving party to fully and fairly litigate the first claim. All these elements are present.

There can be no question that the parties and the underlying events are identical in both this proceeding and the district court action. The fact that particular individual defendants were named in that action is of no moment. They were sued in their official capacity. The question in applying res judicata here turns on the two remaining elements—whether there was a final decision on the merits, and whether Mr. Powell had an opportunity to fully litigate his claims.

If the petition in the district court had been in the nature of a true habeas corpus petition, the relief, if any, would have been addressed strictly to plaintiff's incarceration. Instead, the review in the district court was similar to that which this court exercises when it is asked to entertain a claim for back pay predicated on a collateral review of a court-martial conviction. *See Schneider v. United States,* 38 Fed. Cl. 383 (1997). The district court was asked not only to set aside his incarceration, but also to find that his pay and allowances had been denied in violation of law. Under the "little" Tucker Act, 28 U.S.C. § 1346(a)(1) (1992), the district court would have had jurisdiction to hear these money claims, although it would not have been able to enter a judgment for more than $10,000. The district court concluded that plaintiff's failure to preserve his monetary claims before the Air Force Court of Criminal Appeals precluded his assertion of the claims to the district court.

Should it matter that the district court declined to address the substance of the financial claims? The court concludes that it does not. The deficiency was not one of a

lack of subject matter jurisdiction. The district court was a proper forum to hear both the requests for injunctive relief and for limited monetary damages. That plaintiff had not, in the view of the district court, preserved his financial claims, is a conclusion that binds him, absent reversal on appeal. His claim had no merit because it was not properly preserved. Having dismissed his appeal to the circuit court, Mr. Powell cannot now elect an alternative forum to assert the same claims.

Nor does it concern the court that the district court would only have been able to award a portion of the back pay plaintiff was seeking. The award of any relief required the presence of what the district court had—subject matter jurisdiction. Plaintiff could have waived his right to recover more than $10,000, or he could have limited his request to declaratory relief in order to set up a claim here to enforce the entire back pay request. If he had taken either approach and not succeeded, however, his failure in the district court would still be a bar here. The result should not be different merely because the court was not confronted by the limita-

tion on the amount of damages it could award. The underlying enforceability of the claim had to be addressed whatever relief plaintiff was seeking.

The court thus finds that the other elements necessary to the bar of res judicata are present. The district court entered a final judgment on the merits, and the plaintiff has had a full and fair opportunity to litigate his entire claim.[2] The inescapable result is that plaintiff has had his day in court.

## CONCLUSION

The pending action is barred by virtue of the prior proceeding in district court. The Clerk is directed to dismiss the claim. No costs.

---

**2.** The presence here of a "fraud" claim does not alter the result. Such an assertion was not made before the district court. If it could have been, then it would be barred as well because it should have been brought. The larger problem is that such a claim would probably have been dismissed there, as it must be here. Fraud is not an independent ground for bringing a claim against the federal government.