**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 27 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PATRICK M. SMITH,

        Petitioner - Appellant,

v.

(NFN) (NMI) COMMANDANT,
United States Disciplinary Barracks,

        Respondent - Appellee.

No. 01-3399
(D.C. No. 00-CV-3170-RDR)
(D. Kansas)

---

**ORDER AND JUDGMENT** *

---

Before **O'BRIEN** and **PORFILIO** , Circuit Judges, and **KANE**,** Senior District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\**     The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

Petitioner Patrick M. Smith, a military prisoner appearing pro se, appeals from the district court's order dismissing his 28 U.S.C. § 2241 petition for writ of habeas corpus. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

After petitioner entered a guilty plea to the charges, a military judge sitting as a general court-martial convicted petitioner of the kidnaping, rape, and felony murder of a female child slightly less than three years of age. The military judge sentenced petitioner to a dishonorable discharge, confinement for life, forfeiture of all pay and allowances, and reduction to the rank of Private E1, and he imposed a fine of $100,000. The military judge also included an enforcement provision for the collection of the fine which provided that, in the event the fine was not paid by the time petitioner was considered for parole, petitioner would be further confined for additional fifty years or until the fine is paid, or he dies, whichever occurs first.

Petitioner appealed to the United States Army Court of Criminal Appeals (Army Court), arguing, among other things, that the military judge exceeded his sentencing authority in imposing the $100,000 fine and the related enforcement provision, and that the fine was unconstitutional under the Eighth Amendment. The Army Court concluded that the military judge exceeded his sentencing authority in imposing the fine enforcement provision, but it affirmed the fine in

all other respects. *See United States v. Smith*, 44 M.J. 720, 722-25 (A. Ct. Crim. App. 1996).

Petitioner then filed two petitions for review in the United States Court of Appeals for the Armed Forces (CAAF), arguing once again, among other things, that the $100,000 fine was unconstitutional. R., Doc. 9, Attach. 4, at 2-4 and Attach. 7, at 3-7. After remanding the case to the Army Court on an unrelated issue, the CAAF summarily affirmed the constitutionality of the fine. *Id.* Attach. 6, at 5 and Attach. 8.

Petitioner then filed a petition for writ of habeas corpus in the Army Court. In his petition and related filings, petitioner asserted the following claims: (1) the military judge was statutorily unqualified, and therefore without jurisdiction, to act as a military judge under 10 U.S.C. § 826(b) because he was not an active member of a federal bar or the bar of the highest court of a state at the time of the court-martial; (2) the military judge exceeded his sentencing authority in imposing the $100,000 fine; (3) petitioner's guilty plea was coerced and involuntary and amounted to an *Alford* plea; and (4) despite the fact that a referral letter from the Army Court appointed the Defense Appellate Division, U.S. Army Legal Services Agency, to represent petitioner in the military habeas proceeding, petitioner was never contacted by the Defense Appellate Division and he was deprived of his right to counsel under 10 U.S.C. § 870(c)(2). R., Doc. 9, Attach.

-3-

9, at 3-6 and Attach. 16, at 3-11.  After the government filed responses to separate orders entered by the Army Court directing it to show cause why the petition should not be granted and to demonstrate why the military judge was qualified to conduct the court-martial, *id.* Attachs. 10, 14, 15, and 17, the Army Court entered an order summarily denying the petition, *id.* Attach. 11.

Petitioner then filed a habeas petition under 28 U.S.C. § 2241 in the United States District Court for the District of Kansas, asserting the same claims he asserted in his military habeas petition. *Id.* Doc. 1 at 6-7.  In a very thorough and well-reasoned memorandum and order, the district court dismissed the petition and denied all relief because it concluded that the military courts had given full and fair consideration to petitioner's claims and that the claims are without merit.[1] *Id.* Doc. 36 at 3-9.  On appeal, petitioner asserts the same habeas claims that he presented to the Army Court and the district court.

A federal district court's habeas review of a military court-martial is limited.  It will not review a petitioner's claims if the military courts fully and fairly considered the claims. *Lips v. Commandant, United States Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993).  This court has held that if an issue was raised before the military courts, four conditions must be met before a district

_____

[1]   The district court also denied petitioner's motion for reconsideration.  R., Doc. 39.

court may review the issue: (1) the asserted error is of substantial constitutional dimension; (2) the issue is one of law rather than fact; (3) there are no military considerations that warrant different treatment of the constitutional claims; and (4) the military courts failed to give adequate consideration to issues involved or failed to apply the proper legal standards. *Id.* Further, when an issue has been briefed and argued before a military tribunal, a federal habeas court assumes the military tribunal has given the claim full and fair consideration, even if the military court summarily disposed of the issue. *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986).

The district court correctly ruled that federal habeas review is inappropriate in this case because the military courts fully and fairly considered petitioner's claims. And even if petitioner's claim regarding the qualifications of the military judge could be characterized as raising a jurisdictional issue, *see Monk v. Zelez*, 901 F.2d 885, 888 (10th Cir. 1990) (indicating that jurisdictional issues arising from court-martial proceedings are reviewed de novo), we agree with the district court that petitioner has failed to establish that the military judge was unqualified under 10 U.S.C. § 826(b).

We AFFIRM the judgment of the district court for substantially the same reasons stated in its memorandum and order dated November 14, 2001.

Entered for the Court

John C. Porfilio
Circuit Judge