**Patrick M. SMITH, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 04–5063.

United States Court of Appeals,
Federal Circuit.

Sept. 13, 2004.

Rehearing and Rehearing En Banc
Denied Nov. 19, 2004.

---

Patrick M. Smith, Ft. Leavenworth, KS, pro se.

David R. Feniger, Washington, DC, for Defendant–Appellee.

Before RADER, SCHALL, and PROST, Circuit Judges.

## DECISION

### PER CURIUM.

Patrick M. Smith appeals the decision of the United States Court of Federal Claims dismissing his complaint pursuant to its Rule 12(b)(6) for failure to state a claim upon which relief could be granted. *Smith v. United States,* 59 Fed. Cl. 64 (2003). We *affirm.*

## DISCUSSION

### I

In 1994, while serving in the United States Army in Germany, Mr. Smith was accused of the kidnap, rape, and murder of a young child. *See Smith v. Commandant,* 48 Fed.Appx. 712 (10th Cir.2002) (unpublished). After pleading guilty on all charges, he was convicted by a general court-martial. *Smith v. Lansing,* No. 99–3170–RDR, slip op. at 1 (D.Kan. Nov. 14,

2001). Mr. Smith was sentenced to life imprisonment, forfeiture of pay and allowances, and reduction in rank to the lowest enlisted grade of Private (E–1). He also was dishonorably discharged from the Army and ordered to pay a monetary fine to the United States in the amount of $100,000.

Mr. Smith appealed to the Army Court of Criminal Appeals ("Army Court"), which affirmed the conviction, the sentence, and the fine.[1] *See United States v. Smith,* 44 M.J. 720, 722–25 (A.C.C.A.1996). Mr. Smith then appealed to the United States Court of Appeals for the Armed Forces ("C.A.A.F."). In 1998, the C.A.A.F. affirmed the decision of the Army Court. *Smith,* 59 Fed. Cl. at 65. Mr. Smith then proceeded to file a petition for writ of *habeas corpus* in the Army Court. There, he asserted, *inter alia,* that the military judge that presided over his court-martial proceeding was not qualified pursuant to 10 U.S.C. § 826(b) because he was not an active member of the bar of a federal court or of the highest court of a state. *Id.* at 65–66. After the government showed cause to the contrary, the Army Court summarily denied Mr. Smith's petition. *Id.* at 66.

Mr. Smith next filed a petition for a writ of *habeas corpus* in the United States District Court for the District of Kansas. *Id.* He raised the same issues in that *habeas* petition as he had before the Army Court. *Id.* The district court also denied Mr. Smith relief. *Smith v. Lansing,* No. 99–3170–RDR (D.Kan. Nov. 14, 2001). The court found that, despite his inactive status, the military judge remained in good standing as a member of the bar of the State of Utah and was statutorily qualified

---

1. It did not affirm one aspect of the sentence, not relevant to the present appeal, relating to fine enforcement. *Smith,* 59 Fed. Cl. at 65.

to preside at the court-martial. *Id.* slip op. at 6–8. This decision was subsequently affirmed by the United States Court of Appeal for the Tenth Circuit, for "substantially the same reasons stated in [the district court's] memorandum and order...." [2] *Smith,* 48 Fed.Appx. at 714.

After the Tenth Circuit decided the case in the government's favor, Mr. Smith commenced the present suit in the Court of Federal Claims. In his complaint, Mr. Smith alleged that the military judge who presided over his court-martial proceedings was not qualified to sit in the proceedings because he was not an active member of the highest court of his state bar of record. Mr. Smith requested back pay and allowances, as well as interest on those amounts, for the period of time from his court-martial through the date he was originally scheduled for discharge. *Smith,* 59 Fed. Cl. at 64. Noting the similarity of the issues presented in this suit and those finally resolved by the Tenth Circuit, the Court of Federal Claims applied principles of collateral estoppel. According to the court, the requirements for collateral estoppel were satisfied by the proceeding before the district court. The court stated:

> The issue of the qualification of the presiding judge advocate [wa]s identical in both actions; the issue was specifically litigated; the district court's resolution of the challenge to the military judge's qualifications was the necessary foundation for denying Mr. Smith's habeas petition ... and Mr. Smith had a full and fair opportunity to litigate his claims.

*Id.* at 69. That being the case, the court ruled that Mr. Smith's suit before it was precluded. It therefore dismissed the complaint. This appeal followed. We

have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II

■ Whether the Court of Federal Claims properly dismissed a complaint for failure to state a claim upon which relief could be granted is a question of law that we review *de novo. Boyle v. United States,* 200 F.3d 1369, 1373 (Fed.Cir.2000). The requirements for application of collateral estoppel are well settled:

> (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issues in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Dana v. E.S. Originals, Inc.,* 342 F.3d 1320, 1323 (Fed.Cir.2003) (quoting *Pleming v. Universal–Rundle Corp.,* 142 F.3d 1354, 1359 (11th Cir.1998)).

We see no error in the decision of the Court of Federal Claims that the requirements for collateral estoppel were satisfied in this case. The first two requirements were satisfied because the issue at stake— the qualification of the presiding military judge—was identical in both the district court and the Court of Federal Claims, and because the issue was specifically litigated, culminating in a written decision in both the district court and the Tenth Circuit on appeal. *Smith,* 59 Fed. Cl. at 67. Third, the district court's resolution of Mr. Smith's challenge to the military judge's qualification was "a critical and necessary

---

**2.** Mr. Smith petitioned the Supreme Court for a writ of certiorari from the Tenth Circuit's decision, a request which was ultimately denied by the Court. *Smith v. Commandant, USDB,* 538 U.S. 1025, 123 S.Ct. 1954, 155 L.Ed.2d 872 (2003).

part" of the judgment in the district court because the basis for Mr. Smith's *habeas* petition was the contention that the military judge was not qualified because he was an inactive member of the Utah bar. Finally, the fourth requirement for collateral estoppel was satisfied because Mr. Smith had "a full and fair opportunity to litigate the [qualification] issue in the prior proceedings." As seen above, Mr. Smith litigated the issue in the district court, the court of appeals, and the Supreme Court.

■ Mr. Smith argues additionally that he was denied counsel for his first habeas petition before the Army Court, in violation of 10 U.S.C. § 870. Section 870, entitled "Appellate counsel," grants the accused a right to "appellate defense counsel ... before the Court of Criminal Appeals, the Court of Appeals for the Armed Forces, or the Supreme Court," should be request it. 10 U.S.C. § 870(c)(1). Mr. Smith received appointed counsel for his direct appeal from his conviction, but now contends that he should also have been granted counsel for his *habeas* petition before the Army Court.

Section 870 does not require that an accused be provided with counsel for all post-conviction proceedings. On the contrary, it is sharply limited to *"appellate* counsel" (emphasis added). This phrasing does not oblige the government to provide the defendant with representation for his petitions for extraordinary relief. *See Brooks v. United States,* 2 M.J. 1257, 1259 (C.M.R.1976) (specifying that the accused does not possess "a never-ending right to military counsel to assist him in efforts to overturn his military conviction"). As Mr. Smith's rights under section 870 were not violated by requiring him to proceed *pro se,* the Army Court and district court did not err in refusing to grant Mr. Smith's *habeas* petition on this basis. Our applica-

tion of collateral estoppel described above thus encompasses this issue as well.

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.